**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

September 27, 2005

*Before*

Honorable WILLIAM J. BAUER, *Circuit Judge*

Honorable ILANA DIAMOND ROVNER, *Circuit Judge*

Honorable ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2539

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiff-Appellee*, | |
| v. | No. 03 CR 182 |
| PAUL A. KRUEGER, | William C. Griesbach, *Judge*. |
| *Defendant-Appellant*. | |

**O R D E R**

After defendant-appellant Paul A. Krueger pleaded guilty to possessing marijuana with the intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), the district court ordered him to serve a prison term of 57 months, a sentence at the low end of the range specified by the United States Sentencing Guidelines. R. 42. In our opinion of July 28, 2005, we rejected Krueger's contention that his sentence was improper because the district court had relied on information obtained in violation of his Sixth Amendment right to counsel in determining the relevant drug quantity for sentencing purposes. *United States v. Krueger*, 415 F.3d 766 (7th Cir. 2005). However, because Krueger was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the district court had made its sentencing decision believing (understandably) that the Sentencing Guidelines were

mandatory.  So that we might determine whether that error prejudiced Krueger so as to establish plain error, *see* Fed. R. Crim. P. 52(b), we ordered a limited remand to allow the district court to determine whether, knowing that the Guidelines are advisory rather than mandatory, the court would have been inclined to impose a sentence below the Guidelines range.  *See United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), *petition for cert. filed* (U.S. May 26, 2005) (No. 04-10402).

On remand, the district court solicited written statements of position from the parties.  Krueger submitted a 16-page memorandum contending that, in view of the various sentencing factors set forth in 18 U.S.C. § 3553(a), a sentence below the Guidelines range would be appropriate, and further that the court likely would have imposed a lesser sentence had it been aware of the broader discretion it enjoys after *Booker* to choose an appropriate sentence.  R. 54.  The government did not submit a statement.  After reviewing the pre-sentence report, the sentencing transcript, and Krueger's memorandum, the district judge issued a written statement advising us that "had I known that the sentencing guidelines were advisory, I would likely have imposed a lesser sentence."  R. 57 at 2.

On receipt of the district court's statement, we invited the parties to file cross-statements as to the course of action this court should now take in view of the district court's stated inclination.  Krueger has filed a statement contending that we should vacate his sentence and remand for full re-sentencing.  The government has filed a statement conceding that this is the appropriate course to follow pursuant to *Paladino*.

Having reviewed the district court's statement on remand and Kruger's position statement, we conclude that it is appropriate to vacate Krueger's sentence and remand for full re-sentencing.  The district judge's determination that he likely would have sentenced Krueger to a lesser prison term had he known that the Sentencing Guidelines are advisory establishes that the error in treating the Guidelines as binding affected Krueger's substantial rights and  seriously affected the fairness, integrity or public reputation of judicial proceedings.  *See Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1548-49 (1997); *Paladino*, 401 F.3d at 481-82, 484.

For these reasons, we VACATE Krueger's sentence and REMAND for re-sentencing in conformity with *Booker*.